UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lisa Marie Stone, ) | |
| ) | C/A No. 4:06-cv-01840-GRA |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | Written Opinion |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., and issued on July 30, 2007. Plaintiff brought this action pursuant to 42 U.S.C. §405(g) seeking judicial review of the final decision of the Commissioner. The Commissioner denied Plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The magistrate recommends reversing the decision of the Commissioner.

Standard of Review

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may

1

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). The Commissioner filed timely objections on August 15, 2007.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo*

review of the factual circumstances that substitute the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### Discussion

Commissioner argues that the record evinces conflicting medical evidence sufficient to justify the ALJ's decision to ignore the opinion of the plaintiff's treating physician, Dr. Preyer, as to the plaintiff's marked limitations in daily activities and social functioning. The magistrate reversed the ALJ's decision because he could find

3

no conflicting medical evidence by an examining or treating physician put forth by the ALJ sufficient to ignore the opinion of Dr. Preyer.

Commissioner argues that the medical opinions of Drs. Gorod and Vidic–opinions that both find the plaintiff's relevant limitations to be moderate, rather than marked–constitute sufficient conflicting medical evidence to ignore a treating physician's opinion. Further, Commissioner points to the plaintiff's own testimony stating that she: "helped with dinner, cleaned the house, went grocery shopping" and "talked to her daughter, interacted with her sister, husband, and nephew on a daily basis, visited with friends at least once a week and attended church once a week" to show that plaintiff did not have marked limitations in her daily activities or social functioning.

Given the existence of this ostensibly contrary evidence, Commissioner argues that, under the substantial evidence standard, the ALJ's findings should not be disturbed by a reviewing court. "[T]he fact that reasonable minds may differ in their interpretation of the evidence does not warrant reversal of the Commissioner's decision under the substantial evidence standard of review." *Objections* at 3. Rather, "the substantial evidence standard presupposes . . . a zone of choice which the decision makers can go either way without interference by the courts." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (internal citations omitted).

Magistrate properly found that the record does not contain persuasive contrary evidence in order for the ALJ to ignore the opinion of the plaintiff's *treating physician*.

4

"[A] treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Mastro v. Appel*, 270 F.3d 171, 178 (4th Cir. 2001)(citing 20 C.F.R. § 416.927).  It is only in the face of "persuasive contrary evidence," that an ALJ should give less weight to the treating physician's opinion." *Id.*; *Craig v. Chater*,76 F.3d 585, 589 (4th Cir. 1996) ("the opinion of a claimant's treating physician be given great weight and may be disregarded only if there is persuasive contradictory evidence.").  For example,  an ALJ is justified in ignoring the treating physician's opinion when treating physician's reports contradict themselves, *Johnson v. Barnhart*, 434 F.3d 650, 655 (4th Cir. 2005), or when the treating physician's own treatment notes did not confirm the disability, *Craig*, 76 F.3d at 589.

The commissioner's objections are without merit because neither the two medical consultants' reviews nor the testimony of the plaintiff constitute substantial contrary evidence to ignore the opinion of a treating physician.  Both of the pieces of evidence the commissioner relies on are snapshots of the plaintiff's condition on a single day.  Given the nature of the plaintiff's disability, the magistrate correctly noted it would take the contrary opinion of a treating or examining physician–not merely a consulting physician's review of the medical chart–who  regularly saw the plaintiff over time, to effectively refute Dr. Preyer.  *R & R* at 20. The commissioner has not shown that Dr. Preyer's techniques are medically unacceptable or the existence of

persuasive contrary evidence. *See Mastro*, 270 F.3d at 178.  Therefore, the magistrate correctly found that the ALJ's decision lacked substantial evidence and, accordingly, this Court accepts and adopts the Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that the commissioner's decision be REVERSED because it was not supported by of substantial evidence.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

August 30, 2007
Anderson, SC