UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Lisa Marie Stone, | ) | C/A No.: 4:06-cv-01840-GRA |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the court on the Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act, filed on October 24, 2007. The defendant filed a response on November 5, 2007; Plaintiff replied on November 12, 2007. The matter is now ready for disposition.

**Factual Background**

The plaintiff originally filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on March 12, 2004. *R. & R.* at 2. She claimed that she was disabled due to depression with tremors and bipolar disorder; her claims were denied, initially and on reconsideration. *Id.* On February 26, 2006, an administrative law judge (ALJ) upheld the denial because the ALJ found that the

plaintiff retained the capacity to perform certain unskilled labor.  *Id.*   The ALJ's

decision became final when the Appeals Council denied the plaintiff's request to

review the ALJ's decision.  *Id.* Plaintiff filed a complaint in this Court on June 20,

2006.

On July 30, 2007, Magistrate Judge Rogers recommended reversing the

decision of the ALJ because the ALJ's decision was not supported by substantial

evidence.  *Id.* at 21.

> The undersigned finds that there is no conflicting medical evidence which could justify ignoring the opinion of Dr. Preyer. There is no contradictory evidence by an examining or treating physician put forth by the ALJ to completely ignore the disability determination as to the analysis of Listing 12.04 by Dr. Preyer. Even though Drs. Stice and Jenkins may have had in their office notes that she had improved on medication or that she was depressed, this was not substantial contradictory evidence to ignore Dr. Preyer's conclusions. By history, plaintiff would show improvement one day and would be having a manic episode within a week. Accordingly, the undersigned finds that the ALJ improperly disregarded Dr. Preyer's opinion. Dr. Preyer was the treating physician who had treated plaintiff on a regular and consistent basis for over two years and indicated that in her opinion, plaintiff's depression and bipolar syndrome met the requirements in both section A and B of the Listing. Without medical evidence from a treating or examining physician to contradict Dr. Preyer's conclusion with regard to meeting the Listing, the undersigned finds that the ALJ should have given Dr. Preyer's opinion proper weight. The only contradictory evidence cited by the ALJ in his analysis for discounting Dr. Preyer's opinion was the fact that Dr. Stice had stated in a note that plaintiff's medication was effective, Dr. Jenkins had noted on March 21, 2003, that plaintiff was less depressed, and in a one time psychiatric evaluation, Dr. Rosenshein concluded plaintiff was alert and oriented,

retained 3 out of 3 objects at one and five minutes, was able to perform serial threes, her fund of knowledge was adequate, and her remote memory historical information was intact. However, the ALJ did not discuss the fact that Dr. Rosenshein also noted that plaintiff's insight and judgment were poor, she had maladaptive coping skills, she had a current GAF of 35, and her impression was bipolar affective disorder type II and depression. (Tr. 155-157). The citations to these three notations by the ALJ in his analysis is not significant contradictory evidence. Additionally, the ALJ indicated that he was rejecting Dr. Preyer's opinion based on the fact that at some of the visits, Dr. Preyer noted plaintiff was doing better or had noted that medication was helping. However, viewed as a whole without taking out pieces of the reports, it appears the plaintiff may have had improvement on one visit to only attempt suicide by the next. Thus, just because plaintiff was doing better at one visit did not mean that she was well or not having any problems. She testified that she still has manic episodes although not as frequent as before since medication adjustment.

The record before the court does not contain medical opinions from any other examining or treating source that significantly contradicts Dr. Preyer's opinion. . . .

*Id.* at 19-21.  This Court adopted the magistrate's Report and Recommendation on August 30, 2007.

### Discussion

This Court must decide whether the defendant's position was substantially justified even though it was reversed because it was not supported by substantial evidence.  In order for a litigant's position to be substantially justified in this context it must be, "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  The position must have a "reasonable basis

both in law and fact." *Id.* A position can be substantially justified even if it is subsequently decided that the ALJ's decision that adopts that position lacks substantial evidence: "The [Commissioner] is not automatically liable for attorney's fees every time he loses a case." *Crawford v. Sullivan*, 935 F.2d 655, 657 (4th Cir. 1991). Therefore, if the defendant's position had a reasonable basis, the plaintiff's motion must be denied.

The defendant's position was not reasonable in law or fact. The defendant ignored the manic nature of the plaintiff's disability: "[V]iewed as a whole without taking out pieces of the reports, it appears the plaintiff may have had improvement on one visit to only attempt suicide by the next." *R. & R.* at 20. The erratic nature of the plaintiff's disability requires a review of the plaintiff's entire past medical history, not just her condition a few particular days.  Second, the treating physician rule is supported by clear precedent in the Fourth Circuit. *See Craig v. Charter*, 76 F.3d 585, 589 (4th Cir. 1996); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). The defendant's position to discount the opinion of the treating physician—an opinion developed over two years of therapy, a span of time necessary given her disability—for that of non-treating physicians' opinions was not reasonable. The defendant's position was not substantially justified ; therefore, this Court GRANTS the plaintiff's motion for attorney fees.

In its response motion the defendant agreed that it would not object to an award of $2,380.27; therefore, this Court will award the plaintiff attorney fees in that amount.

IT IS THEREFORE SO ORDERED THAT the plaintiff's Motion for Attorney's Fees be GRANTED and the plaintiff's attorney be awarded $2,380.27.


IT IS SO ORDERED.

_____

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 27, 2007
Anderson, South Carolina